RICHARD E. BROMLEY (SBN 156260)
rbromley@constangy.com
ALEXANDRIA GILBERT (SBN 323513)
agilbert@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, California 90067
Telephone:  (310) 909-7775
Facsimile:  (424) 465-6630

Attorneys for Defendant
HERTZ LOCAL EDITION CORP.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO

| | |
|---|---|
| MICHELLE ROMAN, an individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>HERTZ LOCAL EDITION CORP., and<br>DOES 1 through 25, inclusive,<br><br>                    Defendants. | Case No.    **'20 CV2462 BEN AGS**<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION); EXHIBITS** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF MICHELLE ROMAN AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Hertz Local Edition Corp. ("HLE" or "Defendant") files this Notice of Removal.  This action is properly removed pursuant to 28 U.S.C. sections 1332, 1441, and 1446 because of the diversity of citizenship between the parties.

In compliance with 28 U.S.C. § 1446(a), Defendant asserts the following grounds for removal:

1.     On or about November 10, 2020, Plaintiff Michelle Roman ("Plaintiff") commenced the aforementioned action against Defendant by filing a Complaint in the Superior Court of the State of California, County of San Diego, Central Division, entitled *Michelle Roman v. Hertz Local Edition Corp., et al.,* Case No. 30-2020-00041267-CU-OE-CTL (hereinafter the "State Court Action"). True and correct copies of the Summons and Complaint for Damages ("Complaint"), along with the papers that accompanied the Complaint, are attached hereto as **Exhibit A**.

2.     Pursuant to California Code of Civil Procedure Section 415.40, service on Defendant's agent for service of process was effective on November 20, 2020. That was the first time any defendant was served with the State Court Action. A true and correct copy of the Service of Process Transmittal is attached hereto as **Exhibit B**.

3.     Plaintiff's Complaint alleges seven claims:

     1)   Wrongful Termination in Violation of Public Policy;

     2)   Violation of Government Code § 12940 *et seq.*;

     3)   Discrimination based on Perceived Disability;

     4)   Failure to Engage in the Interactive Process;

     5)   Failure to Provide Reasonable Accommodation;

     6)   Violation of California Labor Code § 226 *et seq.*; and

     7)   Violation of California Labor Code § 203.

4.     All of Plaintiff's claims are alleged against Defendant HLE and the Doe Defendants. As explained below, Doe Defendants are to be disregarded for purposes of determining diversity.

5.     On December 14, 2020, Defendant filed in the State Court Action its Answer to the Complaint, as required by the California Code of Civil Procedure. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit C**. To Defendant's knowledge, the documents described above in paragraphs 1, 2, 3, and 5 constitute all of the state court pleadings, process, and orders to date.

NOTICE OF REMOVAL

6.     This Notice is timely filed in that it is filed within thirty (30) days of the first service of the Summons and Complaint on the defendant in this action.  *See* 28 U.S.C. § 1446(b).

7.     Defendant will serve written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(d) and will file a Notice of Removal with the clerk of the Superior Court of the State of California in and for the County of San Diego, as further required by that statute.

## Removal Based on Diversity Jurisdiction

8.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), and this action may be removed to this Court pursuant to 28 U.S.C. § 1441(b). Specifically, this action involves complete diversity between citizens of different states. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff alleges that she suffered compensatory damages, special damages, punitive damages, and attorneys' fees.

9.     Defendant is informed, believes, and alleges, based upon the allegations in Plaintiff's Complaint, based on the information in Defendant's records, and based on its independent investigation, that Plaintiff was, and still is, a citizen of the State of California.  For diversity purposes, an individual's state citizenship is determined by the individual's domicile.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Plaintiff has specifically alleged that she is "domiciled and residing in San Diego County, California."  See **Exhibit A** (Complaint at ¶ 1).

10.    HLE is a Delaware corporation with its corporate headquarters and principal place of business in the State of Florida.  HLE was not and is not a citizen of the State of California.  HLE's high-ranking officers maintain their offices in Estero, Florida, and they direct and control the operations of HLE from that place of business. There is no doubt that Florida, and not California, is HLE's principal place of business.  (*See* Declaration of Ashleigh Chavez ["Chavez Decl."] ¶ 3 attached hereto as **Exhibit D**.)  Thus, Plaintiff and Defendant are "citizens of different States" under

28 U.S.C. § 1332(a); *see also*, *Hertz Corp. v. Friend,* 130 S. Ct. 1181 (2010) (clarifying that state where corporate headquarters is located is the state where it maintains its principal place of business).

11.    Additionally, the defendants designated as Does 1 through 25 in the Complaint are fictitious defendants.    Thus, they are not parties to this action. Unnamed defendants, such as Doe defendants, are not required to join in a removal petition and the Court disregards their citizenship for purposes of determining diversity.    28 U.S.C. § 1441(a); *Fristos v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

### Amount in Controversy

12.    Removal jurisdiction exists where original jurisdiction would also have existed, and the removing defendant bears the burden of establishing jurisdiction. 28 U.S.C. § 1441(a); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).    If a complaint on its face alleges that the amount in controversy exceeds the minimum required to invoke diversity jurisdiction ($75,000), and all of the other requirements for diversity jurisdiction are met, the action is removable.    28 U.S.C. § 1332.    The court may, for removal purposes, look to the removal papers for underlying facts establishing the jurisdictional limit.    *Gaus, supra*, 980 F.2d at 566 (9th Cir. 1992).    If the allegations in a complaint do not conclusively demonstrate that the amount in controversy exceeds the jurisdictional minimum, the removing party need only demonstrate by a preponderance of the evidence that the jurisdictional minimum amount is in controversy.    *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

13.    Defendant denies that Plaintiff is entitled to any recovery in this action, and by filing this Notice of Removal, Defendant does not waive any defenses that may otherwise be available to it.    Without waiving this position, and in light of the allegations of Plaintiff's Complaint, the amount in dispute in this matter exceeds

$75,000 exclusive of interest and costs.  Plaintiff was a full-time employee who was paid at an hourly rate of $16.50 at the time that her employment was terminated. (Chavez Decl. at ¶ 4.)  She was hired in August 2018, and her employment was terminated on or about September 28, 2020. (Chavez Decl. at ¶ 4; Exhibit A. at ¶ 15.)

14.    Although Plaintiff's Complaint does not state a specific dollar amount of damages that she seeks, she alleges seven claims related to her employment and the termination of her employment.  She seeks general and special damages together with prejudgment interest, punitive damages, penalties, and attorneys' fees.  (*See* **Exhibit A**, Prayer for Relief in Complaint at p. 11.)  Within these claims, Plaintiff specifically seeks recovery of "back pay, front pay, and other monetary relief."  (*Id.*)  Past and future lost wages may be considered when evaluating the amount in controversy for purposes of diversity jurisdiction in a removed case.  *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) ("The court evaluates the amount in controversy at the time of removal, **but it may consider both past and future lost wages**.") (emphasis added) (*citing Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006)).  In *Kroske,* the Ninth Circuit affirmed the district court's finding that the amount in controversy for a case removed to federal court would exceed $75,000 where the district court's calculation relied on both past and future wages.  *Kroske*, 432 F.3d at 980.  Indeed, other district courts in California have "projected lost wages through trial to determine whether the jurisdictional amount in controversy has been met" for cases removed to federal court based on diversity jurisdiction.  *Thompson v. Big Lot Stores, Inc.*, 2017 WL 590261, at *3 (E.D. Cal. Feb. 13, 2017) (district court affirmed removal diversity jurisdiction based on past lost wages and projected future lost wages through trial); *Tiffany v. O'Reilly Auto. Stores, Inc.*, 2013 WL 4894307, at *2-4 (E.D. Cal Sept. 11, 2013) (district court affirmed removal diversity jurisdiction based on past lost wages and projected future lost wages through trial); *see also James, supra*, at *2 & n.1 (court considered future lost wages in determining the

amount in controversy for purposes of removal based on diversity jurisdiction). The Ninth Circuit affirmed those holdings in *Chavez v. JP Morgan Chase & Co,* 888 F.3d 413, 417 (9th Cir. 2018), which stated: "That the amount in controversy is assessed at the time of removal does *not* mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." *Chavez, supra*, 888 F.3d at 417 (emphasis in original). The court in *Chavez* further stated: "Where, as here, a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy."

15.   Plaintiff's claimed lost wages projected through a likely trial date fulfill a significant portion of the amount in controversy requirement for removal of this case. Reasonably projecting a trial date that is more likely than not to occur in one year, or December 2021, Plaintiff's lost wages for approximately 65 weeks (*i.e.,* from her last date worked in September 2020 to a likely trial date in December 2021) would be approximately **$42,900.00** (her hourly pay rate of $16.50 multiplied by 40 hours a week of work for 65 weeks equals $42,900.00). And, of course, her lost wages are not the only claims that Plaintiff seeks to recover in the Complaint.

16.   Plaintiff also claims that she has suffered emotional distress as a result of Defendant's actions. (*See* Exhibit A, Complaint at ¶¶ 23, 29, 35, 39, 42, 46, 51.) Emotional distress damages may be considered when calculating the amount in controversy even when not clearly pled in the Complaint. *Simmons v. PCR Tech.,* 209 F.Supp. 2d. 1029, 1034 (N.D. Cal. 2002); *Richmond v. Allstate, Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995) ("the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial"). Conservatively speaking, it is more likely than not that Plaintiff's emotional distress damages would equal at least one-half of her economic damages, or **$21,450.00** -- *i.e.,* $21,450.00 is one-half of $42,900. Combined with Plaintiff's lost wages, this brings the total amount of potential

6

damages to **$64,350.00**. Defendant additionally notes that jury verdicts from cases with similar causes of action can yield substantial emotional distress damages. *See, e.g.*, *Restivo v. Home Depot Corp.*, JVR No. 805376, 1997 WL 34504321 (N.D. Cal.) ($472,800 pain and suffering award arising out of disability discrimination and retaliation claim, where plaintiff alleged that defendant home improvement company failed to accommodate her disability, retaliated against her when she complained of the discrimination, demoted her, and subsequently wrongfully terminated her employment in retaliation for her complaints).

17.   Plaintiff also seeks to recover penalties pursuant to Labor Code Section 203. Penalties under Section 203 equal an employee's daily wage rate multiplied by 30 days for the late payment of wages. Assuming Plaintiff's daily wage rate was $132.00 (8 hours multiplied by her hourly rate of $16.50 equals $132.00), her penalties under Section 203 would be as much as **$3,960.00** (30 days multiplied by $132.00 daily wage equals $3,960.00).

18.   Plaintiff also seeks punitive damages in her Complaint. A determination of the amount in controversy may include punitive damages when they are recoverable as a matter of law. *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001); *Miller v. Michigan Millers Ins. Co.,* 1997 WL 136242, *4 (N.D. Cal. 1997); *Richmond v. Allstate Ins. Co.,* 897 F.Supp. 447, 450 (S.D. Cal. 1995). Plaintiff's action is brought pursuant to the Fair Employment and Housing Act ("FEHA"). Punitive damages are available under FEHA. Cal. Gov't Code § 12940. Accordingly, the court may consider punitive damages when determining the amount in controversy. To that end, Defendant highlights jury verdicts from cases with similar causes of action where substantial punitive damages were awarded. *See e.g.*, *Prasad v. University of Cal. Davis Med. Ctr.*, JVR No. 802857 ($60,000 punitive damage award); *Gutierrez v. Dignity Health*, JVR No. 1907120044 ($175,000 punitive damages award); *Abarca v. Citizens of Humanity L.L.C.*, JVR No. 1706290050 ($550,000 punitive damages award); *Woods v. Greystar Mgmt. Svcs. L.P.*, JVR No.

7

190702005 ($600,000 punitive damages award); *Colucci v. T-Mobile USA Inc.*, JVR No. 1709260055 ($4,000,000 punitive damages award); *Lane v. Hughes Aircraft Co.,* JVR No. 801112 ($40,000,000 punitive damage award). That the cited cases involve distinguishable facts is not dispositive. Notwithstanding these differences, the jury verdicts in those cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases. Defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy should include a punitive damages award. Moreover, California courts hold that the ratio between compensatory damages and punitive damages "should generally be no higher than 4 to 1 and almost never more than 9 to 1." *Gober v. Ralphs Grocery Co.*, 137 Cal. App. 4th 204, 213 (2004) (*citing State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)). Using the lower ratio of 4 to 1 and assuming Plaintiff's compensatory damages are approximately $64,350.00 (*i.e.,* $42,900.00 in lost wages and $21,450.00 in emotional distress damages), Plaintiff can be expected to potentially recover **$257,400.00** in punitive damages.

19. Finally, Plaintiff is claiming attorneys' fees in connection with her claims under FEHA. "Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998). "When assessing the amount in controversy, the court considers the amount of attorneys' fees to be accrued throughout the entirety of the litigation." *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012) (citing *Simmons v. PCR Technology,* 209 F.Supp.2d 1029, 1034 (N.D. Cal.2002)). *See also*, *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015); *Garcia v. ACE Cash Express, Inc.,* 2014 WL 2468344, at *5 (C.D.Cal. May 30, 2014). "The Court can use its discretion to determine, within its own experience, that an award of attorneys' fees alone will satisfy the amount in controversy requirement. 'Even a minimal award of attorney's fees would cause the amount in

controversy to exceed the jurisdictional minimum.'" *Cain*, 890 F. Supp. 2d at 1250 (quoting *Haase v. Aerodynamics Inc.,* 2009 WL 3368519, at *5 (E.D.Cal.2009)). Furthermore, courts routinely award attorneys' fees well over $75,000 in cases such as this one.

20. Thus, the amount in dispute in this case is well in excess of the jurisdictional minimum of $75,000. Based on the conservative figures above, Plaintiff is claiming at the very least **$68,310.00** in economic losses (*i.e.,* $42,900.00 in lost wages plus $21,450.00 in emotional distress damages plus $3,960.00 in Section 203 penalties); additional punitive damages of at least **$257,400.00**; and attorneys' fees incurred through the remainder of the litigation. Given the claims and allegations in this case, if Plaintiff prevails at trial, it is more likely than not that her damages will exceed the jurisdictional minimum identified in 28 U.S.C. § 1332(a). *Chavez, supra,* 888 F.3d at 418 ("In sum, the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails.")

21. Based on the foregoing, Defendant plainly has carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.

22. For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and which may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441(a). It is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. It also is between citizens of different states.

## Venue

23. Venue lies in the United States District Court, Southern District of California, pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a) because this Court's territorial jurisdiction includes San Diego County, California, where the state court action was filed and is pending.

1  24.  For all of the foregoing reasons, Defendant respectfully submits that the
2  State Court Action is removable to this Court under 28 U.S.C. §§ 1332(a) and
3  1441(b).
4      WHEREFORE, Defendant prays that this action stand and remain removed
5  from the Superior Court to this Court.
6
7  Dated: December 17, 2020        **CONSTANGY, BROOKS, SMITH &**
                                    **PROPHETE, LLP**
8
9                                  By:   s/Richard E. Bromley
10                                 Richard E. Bromley
                                   Alexandria Gilbert
11                                 Attorneys for Defendant
12                                 HERTZ LOCAL EDITION CORP.
                                   Email:  rbromley@constangy.com
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**
*MICHELLE ROMAN V. HERTZ LOCAL EDITION CORP., ET AL.*
[Removed from San Diego County Superior Court,
Case No. 30-2020-00041267-CU-OE-CTL]

| Exhibit | Starting Page | Document |
|---------|---------------|----------|
| A | 12 | SUMMONS AND COMPLAINT |
| B | 27 | SERVICE OF PROCESS TRANSMITTAL |
| C | 29 | DEFENDANT HERTZ LOCAL EDITION CORP.'S ANSWER TO PLAINTIFF MICHELLE ROMAN'S UNVERIFIED COMPLAINT FOR DAMAGES |
| D | 36 | DECLARATION OF ASHLEIGH CHAVEZ IN SUPPORT OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION) |

NOTICE OF REMOVAL