# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HERTZ LOCAL EDITION CORP.; and, DOES 1 through 25, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHELLE ROMAN, an individual,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

2020 NOV 10 P 2: 45

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of CA, County of SD
330 W. Broadway San Diego 92101

**CASE NUMBER:**
*(Número del Caso):*
**37-2020-00041267-CU-OE-CTL**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Josh D. Gruenberg, Esq. GRUENBERG LAW 2155 First Avenue San Diego CA 92101

DATE: **NOV 1 2 2020**                Clerk, by **B. Montijo**                , Deputy
*(Fecha)*                              *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* HERTZ LOCAL EDITION CORP.
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* an unknown business entity
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Exhibit A - Page 13

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Joshua D. Gruenberg, Esq #163281, <br> GRUENBERG LAW <br> 2155 First Avenue, San Diego, CA 92101 <br> TELEPHONE NO.: 619.230.1234   FAX NO.: 619.230.1234 <br> ATTORNEY FOR (Name): Plaintiff, Veronica Aldrete | FILED <br> *illegible stamp* <br> 2020 NOV 10 P 2: 43 |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego <br> STREET ADDRESS: 330 W. Broadway <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: San Diego 92101 <br> BRANCH NAME: Central | |
| CASE NAME: <br> Roman v. Hertz Local Edition Corp | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited <br> (Amount   (Amount <br> demanded   demanded is <br> exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | 37-2020-00041267-CU-OE-CTL <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action (specify): 7
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 9, 2020
Joshua D. Gruenberg, Esq.
(TYPE OR PRINT NAME)                                         ▶ *signature*
                                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

Exhibit A - Page 14

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**  CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]  **CIVIL CASE COVER SHEET**  Page 2 of 2

Exhibit A - Page 15

Joshua D. Gruenberg (#163281)
GRUENBERG LAW
2156 First Avenue
Phone: (619) 230-1235; Fax: (619) 230-1075

Zachary T. Tyson (#211185)
LAW OFFICE OF ZACHARY T. TYSON
2169 First Avenue
San Diego, California 92101
Phone: (619) 237-9292

Attorneys for MICHELLE ROMAN

FILED
[stamp illegible]
2020 NOV 10 P 2: 43
[stamp illegible]
SAN DIEGO COUNTY, CA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| MICHELLE ROMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HERTZ LOCAL EDITION CORP.; and, DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. **37-2020-00041267-CU-OE-CTL**<br><br>**MICHELLE ROMAN'S COMPLAINT FOR:**<br><br>(1) Wrongful Termination in Violation of Public Policy;<br>(2) Violation of Government Code § 12940 *et seq*;<br>(3) Discrimination based on Perceived Disability;<br>(4) Failure to Engage in the Interactive Process;<br>(5) Failure to Provide Reasonable Accommodation;<br>(6) Violation of Labor Code § 226 *et seq.*; and,<br>(7) Violation of Labor Code § 203<br><br>**JURY TRIAL DEMANDED** |

Plaintiff MICHELLE ROMAN ("Ms. Roman" of "Plaintiff") alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Ms. Roman is an individual domiciled and residing in San Diego County, California.

1
COMPLAINT

2. On information and belief, at all relevant times stated herein, defendant HERTZ LOCAL EDITION CORP. ("Defendant") is a business entity, form unknown. Defendant is doing business in the County of San Diego, California.

3. At all relevant times, Ms. Roman was employed by Defendant in the County of San Diego, California.

4. The true names and capacities of Defendants sued under the fictitious names DOES 1 through 25 are unknown and, on information and belief, each such defendant contributed to and is responsible for the events and damages alleged below. Plaintiff will seek to amend this complaint to set forth names and capacities of such defendants when they become known.

5. The unlawful employment practices complained of herein occurred in the County of San Diego.

6. Plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH"). Plaintiff has exhausted her administrative remedies.

7. Plaintiff also seeks compensatory damages, expert witness fees, costs of suit herein and attorney's fees pursuant to Cal. Gov.t Code § 12965(b).

## GENERAL ALLEGATIONS

8. This case concerns serious violations of California public policy that prohibit discrimination and retaliation in employment based on disability and sick leave, and requires employers to actively engage in the interactive process with employees and provide reasonable accommodation.

9. During all relevant times, Ms. Roman was employed by Defendant as a Manager Associate II. As an employee, Ms. Roman earned $16.50 dollars per hour. Throughout her employment, Ms. Roman worked loyally and competently for Defendant.

10. On Tuesday, September 1, 2020, Ms. Roman was working at Defendant's office located in National City, California. During this time, Ms. Roman was covering for her direct supervisor because he was on vacation and upper-management had not designated

a substitute. On this day, Ms. Roman began experiencing mild cold-like symptoms; however, she did not have a fever.

11. Ms. Roman returned to work on Wednesday, September 2, 2020. During her lunch break Ms. Roman left the office and drove to take a Covid-19 test. Ms. Roman returned to work and then text messaged her manager to let him know she had taken a Covid-19 test and that she would be leaving work to wait for the results. Ms. Roman's supervisor authorized her to take the day off. Defendant also authorized Ms. Roman to take off work on Thursday, September 3, 2020.

12. On Thursday, September 3, 2020, Ms. Roman's manager telephoned her and asked her whether she was feeling well enough to return to work the following day.

13. Ms. Roman returned to work Friday, September 4, 2020. Approximately 3 hours into her work shift Ms. Roman received notification from the testing facility that she had tested positive on her Covid-19 test. Ms. Roman immediately notified her manager and went home to quarantine.

14. On or about September 20, 2020, Ms. Roman re-took the Covid-19 test and sent the negative test results to Defendant's General Manager, Melissa Linden, and Human Resources, Ashleigh Chavez. Thereafter, on September 24, 2020, Defendant telephoned Ms. Roman and informed her that she was on suspension while it conducted an investigation. Ms. Roman was not advised of the basis for that investigation during that call. On information and belief, Ms. Roman was paid for 14 days while on sick leave.

15. On September 29, 2020, Ms. Linden and Ms. Chavez telephoned Ms. Roman and told her that she was terminated, effective immediately. Ms. Roman asked but was not promptly told of the basis for her termination. Ms. Roman pressed the issue and she was ultimately told she was terminated for violating Defendant's company rules and policies.

16. On information and belief, Ms. Roman was retaliated and discriminated against for testing positive on her Covid-19 test. Ms. Roman followed company policies and

procedures; however, instead of investigating Ms. Roman's complaints and/or concerns, Defendant's manufactured a pretext for her unjust dismissal.

17. On information and belief, Defendant's alleged investigation of Ms. Roman was a sham. Ms. Roman was never asked to provide a witness statement or offer any evidence in connection with Defendant's alleged investigation, and other than Defendant's conclusory statement that she had violated company rules and policies - no other information or results from the investigation were provided to Ms. Roman which would explain her termination of employment.

18. Ms. Roman had accrued and unused sick leave at the time she tested positive for Covid-19. In lieu of allowing Ms. Roman the right to use her accrued sick days, Defendant suspended Ms. Roman, and ultimately terminated her, in violation of Labor Code § 246.5.

19. On or about October 2, 2020, Defendant issued Ms. Roman her final paycheck. No itemized wage statement accompanied Ms. Roman's final paycheck nor did Defendant provide her any documentation or tally her remaining vacation or sick time.

### FIRST CAUSE OF ACTION

(Wrongful Termination in Violation of Public Policy v. All Defendants)

20. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs.

21. The misconduct of Defendants', and each of them, in purporting to cause the termination of Plaintiff's tenancy on the basis of his disability and/or perceived disability violated the public policy of the State of California as described in <u>The City of Moorpark v. Superior Court</u>, (1998) 18 Cal.4th 1143. Defendant's misconduct in terminating Plaintiff violated California's sick leave policies.

22. As a legal (proximate) result of Defendant's discriminatory conduct against Plaintiff, as alleged above, Plaintiff has been harmed in that she has suffered the loss of wages, salary, benefits, raises, retirement, and additional amounts of money she would

have received had he been retained in his employment position with Defendant. Plaintiff has been damaged according to proof at trial.

23. As a further legal (proximate) result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that she has suffered the intangible loss of employment-related opportunities and experience in the position which Plaintiff would have garnered. Plaintiff has suffered and continues to suffer humiliation, grief, anxiety, financial hardship and emotional distress. Defendant's conduct was malicious, fraudulent and/or oppressive and done with reckless disregard for Plaintiff's rights.

## SECOND CAUSE OF ACTION

(Violation of Government Code § 1940 *et seq.* v. All Defendants)

24. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs.

18. On information and belief, Defendant is an employer within the meaning of Government Code section 12940 *et seq*. and as such, is barred from discriminating, harassing and/or retaliating in employment decisions based on the Plaintiff's disability and/or use of sick leave.

19. Plaintiff is a qualified individual who suffered from a medical condition and/or disability.

20. Defendants, and each of them, were aware of Plaintiff's medical condition and/or disability, but refused to accommodate Plaintiff. Defendant's conduct violated Labor Code § 246.5 *et seq.*

21. Defendant's conduct, as alleged herein, constitutes a violation of Government Code § 12940 et seq. Plaintiff was subjected to adverse, discriminatory and/or retaliatory employment action because of his medical condition and/or disability.

22. On information and belief, Plaintiff's reasonable request to seek time off work and recuperate was a motivating reason in Defendant's retaliatory and discriminatory conduct and was a substantial factor in causing harm to Plaintiff.

23. As a legal (proximate) result of Defendant's conduct, Plaintiff has been harmed in that she has suffered mental anguish, worry, grief, humiliation, emotional and physical distress. Plaintiff has been damaged in an amount according to proof at trial.

24. On information and belief, Defendant's conduct, as alleged herein, was done with the knowledge that Plaintiff's emotional and physical distress would thereby increase and was done with wanton and reckless disregard of the consequences to Plaintiff.

25. On information and belief, Defendant's conduct, as alleged herein, was oppressive and done with a conscious disregard for the rights of Plaintiff. As such, Plaintiff is entitled to exemplary and punitive damages from Defendant in an amount sufficient to punish and deter future wrongful conduct.

## THIRD CAUSE OF ACTION
**(Discrimination Based on Perceived Disability v. All Defendants)**

25. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs.

26. On information and belief, Defendant regarded or treated Plaintiff as having a physical condition and/or having suffered an injury that may become a physical disability.

27. On information and belief, Defendant was aware that Plaintiff required medical treatment and/or time-off work to recuperate but Defendant failed and refused to engage in the interactive process and/or accommodate Plaintiff.

28. On information and belief, Plaintiff's reasonable request for time-off work to recuperate and/or seek treatment was a motivating reason in Defendant's retaliatory and discriminatory conduct and was a substantial factor in causing harm to Plaintiff.

29. As a legal (proximate) result of Defendants' conduct, Plaintiff has been harmed in that she has suffered mental anguish, humiliation, emotional and physical distress. Plaintiff has been damaged in an amount according to proof at trial.

30. As a legal (proximate) result of Defendants' conduct, Plaintiff has suffered the loss of wages, salary, benefits, raises, and additional amounts of money ss would have

received had she been retained in his employment with Defendant. Plaintiff has been damaged according to proof at trial.

31. On information and belief, Defendant's conduct, as alleged herein, was done with the knowledge that Plaintiff's emotional and physical distress would thereby increase and was done with wanton and reckless disregard of the consequences to Plaintiff.

32. On information and belief, Defendant's conduct, as alleged herein, was oppressive and done with a conscious disregard for the rights of Plaintiff. As such, Plaintiff is entitled to exemplary and punitive damages from Defendant in an amount sufficient to punish and deter future wrongful conduct.

## FOURTH CAUSE OF ACTION

**(Failure to Engage in the Interactive Process v. All Defendants)**

33. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs.

34. Defendants, and each of them, had a legal obligation to engage in the interactive process with Plaintiff. At all relevant times, Defendants failed and/or refused to engage in the interactive process and provide a reasonable accommodation to Plaintiff's for sick leave and her known medical condition and/or disability.

35. As a legal (proximate) result of Defendants' conduct, Plaintiff has been harmed in that she has suffered mental anguish, humiliation, emotional and physical distress. Plaintiff has been damaged in an amount according to proof at trial.

36. As a legal (proximate) result of Defendants' conduct, Plaintiff has suffered the loss of wages, salary, benefits, raises, and additional amounts of money she would have received had she been retained in his employment with Defendant. Plaintiff has been damaged according to proof at trial.

37. On information and belief, Defendant's conduct, as alleged herein, was done with the knowledge that Plaintiff's emotional and physical distress would thereby increase and was done with wanton and reckless disregard of the consequences to Plaintiff

38. Defendants, and each of them, had a legal obligation to engage in the interactive process with Plaintiff. At all relevant times, Defendants failed and/or refused to engage in the interactive process and provide a reasonable accommodation for Plaintiff's known medical condition and/or disability.

39. As a legal (proximate) result of Defendants' conduct, Plaintiff has been harmed in that she has suffered mental anguish, humiliation, emotional and physical distress. Plaintiff has been damaged in an amount according to proof at trial.

40. As a legal (proximate) result of Defendants' conduct, Plaintiff has suffered the loss of wages, salary, benefits, raises, and additional amounts of money she would have received had she been retained in his employment with Defendant. Plaintiff has been damaged according to proof at trial.

41. On information and belief, Defendant's conduct, as alleged herein, was done with the knowledge that Plaintiff's emotional and physical distress would thereby increase and was done with wanton and reckless disregard of the consequences to Plaintiff

Defendants, and each of them, had a legal obligation to engage in the interactive process with Plaintiff. At all relevant times, Defendants failed and/or refused to engage in the interactive process and provide a reasonable accommodation for Plaintiff's known medical condition and/or disability.

42. As a legal (proximate) result of Defendants' conduct, Plaintiff has been harmed in that ss has suffered mental anguish, humiliation, emotional and physical distress. Plaintiff has been damaged in an amount according to proof at trial.

43. As a legal (proximate) result of Defendants' conduct, Plaintiff has suffered the loss of wages, salary, benefits, raises, and additional amounts of money she would have received had she been retained in his employment with Defendant. Plaintiff has been damaged according to proof at trial.

44. On information and belief, Defendant's conduct, as alleged herein, was done with the knowledge that Plaintiff's emotional and physical distress would thereby increase and was done with wanton and reckless disregard of the consequences to Plaintiff

45. Defendants, and each of them, had a legal obligation to engage in the interactive process with Plaintiff. At all relevant times, Defendants failed and/or refused to engage in the interactive process and provide a reasonable accommodation for Plaintiff's known medical condition and/or disability.

46. As a legal (proximate) result of Defendants' conduct, Plaintiff has been harmed in that she has suffered mental anguish, humiliation, emotional and physical distress. Plaintiff has been damaged in an amount according to proof at trial.

47. As a legal (proximate) result of Defendants' conduct, Plaintiff has suffered the loss of wages, salary, benefits, raises, and additional amounts of money she would have received had she been retained in his employment with Defendant. Plaintiff has been damaged according to proof at trial.

48. On information and belief, Defendant's conduct, as alleged herein, was done with the knowledge that Plaintiff's emotional and physical distress would thereby increase and was done with wanton and reckless disregard of the consequences to Plaintiff

### FIFTH CAUSE OF ACTION

(Failure to Accommodate v. All Defendants)

49. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs.

50. Plaintiff informed Defendant that she required time-off work to recuperate. In lieu of engaging in the interactive process to determine a reasonable accommodation, Defendants deliberately terminated Plaintiff's employment.

51. As a legal (proximate) result of Defendant's conduct, Plaintiff has been harmed in that she has suffered humiliation, grief, mental anguish, emotional and physical distress. Plaintiff has been damaged in an amount according to proof at trial.

52. As a legal (proximate) result of Defendant's conduct, Plaintiff has suffered the loss of wages, salary, benefits, raises, and additional amounts of money she would have received had she been retained in her employment with Defendant.

53. As a result of Defendant's, and each of their, deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount sufficient to punish Defendants and deter future reckless, intentional conduct.

54. On information and belief, the aforementioned acts of Defendant were designed to "teach others similarly situated a lesson." The acts were willful, wanton, malicious, and oppressive and justify the awarding of exemplary and/or punitive damages in an amount sufficient to punish Defendants.

55. Defendant's conduct in confirming and ratifying the above-referenced conduct was done with knowledge that Plaintiff's emotional and physical distress would thereby increase and was done with wanton and reckless disregard of the consequences to Plaintiff.

56. Plaintiff has incurred, and continues to incur, legal expenses and reasonable attorney's fees.

## SIXTH CAUSE OF ACTION

(Violation of Labor Code § 226 *et seq.* v. All Defendants)

57. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs.

58. Pursuant to Labor Code § 226, an employer shall prove an accurate itemized wage statement at the time of each payment of wages. Vacation time is treated as wages under Labor Code § 227.3.

59. Upon termination, Defendant failed to promptly issue Plaintiff all wages due and owing. Defendant failed to issue an itemized wage statement depicting, among other things, the remaining vacation and sick time. Plaintiff was provided with a handwritten check that omitted the name of the legal entity that was her employer.

60. Plaintiff seeks injunctive relief to ensure compliance with this section, costs and reasonable attorney's fees.

## SEVENTH CAUSE OF ACTION

(Violation of Labor Code § 203 v. All Defendants)

61. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs.

62. Pursuant to Labor Code § 203, if an employer willfully fails to pay wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date until paid; but shall not continue for more than 30 days.

63. Plaintiff's employment was terminated but she did not promptly receive all wages due and owing upon termination.

64. As a direct (proximate) result of Defendant's will failure to pay all wages due and owing, Plaintiff is entitled to recoup a waiting time penalty, costs, interest and reasonable attorney's fees. (Labor Code § 201-203, 218.5, 218.6).

WHEREFORE, plaintiff MICHELLE ROMAN prays for judgment against Defendants, and each of them, as follows:

    a. For general and compensatory damages according to proof at trial;

    b. For special damages according to proof at trial;

    c. For costs and attorney's fees pursuant to Government Code § 12965(b);

    d. For punitive damages in an amount necessary to make an example and to punish Defendants and deter future similar conduct;

    e. For back pay, front pay, and other monetary relief;

    f. For costs of suit, expert costs, and attorneys' fees;

    g. For interest and prejudgment interest at the legal rate of 10%; and,

    h. For such other and further relief as the Court deems proper and just under all the circumstances.

Dated: November 9, 2020

GRUENBERG LAW;
LAW OFFICE OF ZACHARY T. TYSON

By: *[signature]*
Joshua D. Gruenberg
Zachary T. Tyson
Attorney for MICHELLE ROMAN