# EXHIBIT C

Exhibit C - Page 29

RICHARD E. BROMLEY (SBN 156260)
rbromley@constangy.com
ALEXANDRIA GILBERT (SBN 323513)
agilbert@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, California 90067
Telephone: (310) 909-7775
Facsimile: (424) 465-6630

Attorneys for Defendant
HERTZ LOCAL EDITION CORP.

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

12/14/2020 at 12:59:00 PM

Clerk of the Superior Court
By Melinda McClure, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| MICHELLE ROMAN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> HERTZ LOCAL EDITION CORP., and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No. 37-2020-00041267-CU-OE-CTL <br><br> **DEFENDANT HERTZ LOCAL EDITION CORP.'S ANSWER TO PLAINTIFF MICHELLE ROMAN'S UNVERIFIED COMPLAINT FOR DAMAGES** <br><br> Complaint Filed: November 10, 2020 |

Defendant Hertz Local Edition Corp. ("HLE" or "Defendant"), on behalf of itself and no other defendant, hereby answers the unverified Complaint for Damages ("Complaint") of Plaintiff Michelle Roman ("Plaintiff") as follows:

**GENERAL DENIAL**

1. Pursuant to the California Code of Civil Procedure §431.30(d), Defendant denies, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in the Complaint, and without limiting the generality of the foregoing, denies, generally and specifically, that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant.

## AFFIRMATIVE DEFENSES

2. In further answer to the Complaint, and as separate and distinct defenses, Defendant alleges the following defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

3. Neither Plaintiff's Complaint nor any purported cause of action therein alleged, states facts sufficient to constitute claims upon which relief may be granted against Defendant.

### SECOND AFFIRMATE DEFENSE
(Legitimate, Non-Discriminatory, Non-Retaliatory Reasons/Good Faith)

4. Although Defendant denies that it engaged in the conduct attributed to it in Plaintiff's Complaint, if it is determined that the conduct alleged is legally attributable to Defendant, Defendant is informed and believes, and based thereon alleges, that its conduct was based on reasonable, legitimate, and non-discriminatory and non-retaliatory reasons, and was based on a good faith belief that the conduct was justified based on facts separate and apart from any purported protected activity by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE
(Legitimate Independent Reasons)

5. Although Defendant denies that it engaged in the conduct attributed to it in Plaintiff's Complaint, if it is determined that the conduct alleged is legally attributable to Defendant, Defendant is informed and believes, and based thereon alleges, that the alleged conduct would have occurred for legitimate, independent reasons even if Plaintiff had not engaged in purported protected activity.

### FOURTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

6. Defendant alleges, based on information and belief, that Plaintiff's Complaint, or parts thereof, are barred by the applicable statute of limitations. *E.g.,* Cal. Civ. Proc. Code §§ 335.1, 338, 340, and Cal. Gov't. Code §§ 12960 and 12965.

**FIFTH AFFIRMATIVE DEFENSE**

(No Accommodation Required)

7. Although Defendant denies that it engaged in the conduct attributed to it in Plaintiff's Complaint, if it is determined that the conduct alleged is legally attributable to Defendant, Defendant alleges based on information and belief, that accommodations, if any, were either not sought by Plaintiff, were not required, and/or were excused by law.

**SIXTH AFFIRMATIVE DEFENSE**

(Plaintiff Not Disabled or Perceived As Disabled)

8. Defendant alleges that each purported cause of action in the Complaint is barred, in whole or in part, because at all times relevant to the Complaint, Plaintiff was not disabled within the meaning of the California Fair Employment and Housing Act, California Government Code section 12926; nor was Plaintiff perceived or regarded as having a disability.

**SEVENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

9. Although Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges, based on information and belief, that Plaintiff has failed to mitigate her purported damages, and Defendant further alleges that, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages.

**EIGHTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies)

10. Defendant alleged, based on information and belief, that the Court has no jurisdiction over the subject matter of Plaintiff's Complaint, or parts thereof, to the extent Plaintiff failed to exhaust her administrative remedies.

**NINTH AFFIRMATIVE DEFENSE**

(Good Faith Wage Dispute)

11. Although Defendant denies that it owes any amounts to Plaintiff, if it should be determined that amounts are owed, Defendant alleges, based on information and belief, that at all

times relevant a reasonable good faith dispute existed as to whether any such amounts were owed to Plaintiff, pursuant to Labor Code Section 203 and/or Title 8, Section 13520 of the California Code of Regulations.

### TENTH AFFIRMATIVE DEFENSE
(Workers' Compensation Preemption)

12. Defendant is informed and believes, and based thereon alleges, that the Court has no jurisdiction over the subject matter of Plaintiff's Complaint, or portions thereof, because Plaintiff's exclusive remedy for her purported injuries is under the California Workers' Compensation Act.

### ELEVENTH AFFIRMATIVE DEFENSE
(Proximate Cause)

13. Although Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges, based on information and belief, that the proximate cause of such damage was the conduct of others for which Defendant was not and is not responsible.

### TWELFTH AFFIRMATIVE DEFENSE
(Apportionment)

14. Defendant alleges, based on information and belief, that should Plaintiff recover damages against it, Defendant, is entitled to have the amount abated, apportioned or reduced to the extent that any other parties' action caused or contributed to said damage, if there were any.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Laches)

15. Defendant alleges, based on information and belief, that Plaintiff has delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendant and thus Plaintiff's claims are barred by the equitable doctrine of laches.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Waiver, Unclean Hands, Estoppel)

16. Defendant alleges, based on information and belief, that some or all of the

purported causes of action of Plaintiff's Complaint are barred by the doctrines of waiver, unclean hands and/or estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Due Process)

17. Defendant alleges that to the extent Plaintiff seeks punitive damages in an amount that is unconstitutionally excessive, such an amount violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the protections of the California State Constitution.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Additional Defenses)

18. Defendant hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserves the right to further amend this Answer to assert any such defenses.

### PRAYER

**WHEREFORE**, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff's Complaint be dismissed in its entirety with prejudice and that Plaintiff take nothing by reason thereof;
2. That Defendant be awarded its costs of suit incurred herein;
3. That Defendant be awarded its attorneys' fees to the extent provided by law;
4. That the Court rule on all pleaded defenses supported by the evidence;
5. That judgment be entered in favor of Defendant; and
6. That Defendant receives such other relief as the Court deems just and proper.

Dated: December 14, 2020         **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By: _____
Richard E. Bromley
Alexandria Gilbert
Attorneys for Defendant
HERTZ LOCAL EDITION CORP.

5
DEFENDANT HERTZ LOCAL EDITION CORP.'S ANSWER TO COMPLAINT FOR DAMAGES

Exhibit C - Page 34

**PROOF OF SERVICE**

I am over 18 years of age and not a party to the within entitled action. I am employed at the law firm of CONSTANGY, BROOKS, SMITH & PROPHETE LLP, and my business address is 2029 Century Park East, Suite 1100, Los Angeles, California 90067.

On December 14, 2020, I served true copies of the following document(s) described as

**DEFENDANT HERTZ LOCAL EDITION CORP.'S ANSWER TO PLAINTIFF MICHELLE ROMAN'S UNVERIFIED COMPLAINT FOR DAMAGES**

on the interested parties in this action as follows:

| | |
|---|---|
| Joshua D. Gruenberg, Esq. | *Attorneys for Plaintiff* |
| GRUENBERG LAW | Michelle Roman |
| 2155 1st Avenue | |
| San Diego, CA 92101 | |
| Tel.: (619) 230-1235 | |
| Facsimile: (619) 230-1075 | |

Zachary T. Tyson, Esq.
LAW OFFICE OF ZACHARY T. TYSON
2169 1st Avenue
San Diego, CA 92101
Tel: (619) 237-929

X   **BY MAIL**: By placing same, with postage fully prepared, in the United States Mail, addressed as indicated below. I am readily familiar with the practices of these law offices for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service in the same day in the ordinary course of business on the address (es) set forth below:

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 14, 2020 in Los Angeles, California.

*/s/ Linda Guillen*

Linda Guillen